Jason J. Bach (State Bar No. 7984)
THE BACH LAW FIRM, LLC
6053 South Fort Apache Rd., Ste. 130
Las Vegas, Nevada 89148
(702) 925-8787; (702) 925-8788 FAX
jbach@bachlawfirm.com

*Local Counsel to Plaintiffs, Health Care Logistics, Inc. and Gary L. Sharpe*

Jeffrey S. Standley, Ohio Bar No. 0047248
(*pro hac vice* application to be submitted within 45 days)
F. Michael Speed, Jr., Ohio Bar No. 0067541
(*pro hac vice* application to be submitted within 45 days)
Beverly A. Marsh, Ohio Bar No. 0080935
(*pro hac vice* application to be submitted within 45 days)
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, Ohio 43017
(614) 792-5555; (614) 792-5536 FAX
jstandley@standleyllp.com
mspeed@standleyllp.com
bmarsh@standleyllp.com

*Trial Counsel to Plaintiffs, Health Care Logistics, Inc. and Gary L. Sharpe*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

| | | |
|---|---|---|
| HEALTH CARE LOGISTICS, INC. and GARY L. SHARPE | ) | Case No.: 2:14-cv-1807 |
| Plaintiffs, | ) | |
| v. | ) | **VERIFIED COMPLAINT FOR TRADEMARK AND SERVICEMARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, AND UNJUST ENRICHMENT** |
| HEALTHCARE LOGISTICS CORPORATION | ) | |
| Defendant. | ) | (JURY DEMAND) |

**COMPLAINT**
**(Jury Demand Endorsed Hereon)**

Plaintiffs Health Care Logistics, Inc. and Gary L. Sharpe (collectively "Plaintiffs") by their attorneys and for their Complaint, allege as follows:

**The Parties**

1. Plaintiff Health Care Logistics, Inc. is a corporation formed and existing under the laws of the State of Ohio, with its principal place of business at 450 Town St., Circleville, Ohio 43113.

2. Plaintiff Gary L. Sharpe is an individual residing at 605 Bougainvillea Road, Naples, Florida 34102.

3. Upon information and belief, Defendant Healthcare Logistics Corporation is a corporation formed under the laws of Nevada.

4. Upon information and belief, the statutory agent for Defendant Healthcare Logistics Corporation is Nevada Corporate Headquarters, Inc., located at 4730 S. Fort Apache Rd., Suite 300, Las Vegas, Nevada 89147-7947.

5. Upon information and belief, Defendant conducts business under the HEALTHCARE LOGISTICS mark.

6. Upon information and belief, Defendant conducts business with citizens in the State of Nevada and throughout the United States.

**Jurisdiction and Venue**

7. This court has personal jurisdiction over Defendant because Defendant resides and conducts business in the State of Nevada.

8. This action arises under the trademark laws of the United States, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the statutory and common law of the State of Nevada.

9. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and 15 U.S.C. § 1121(a).

10. Subject matter jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

11. Venue in this court is based on 28 U.S.C. §§ 1391(b) and (c).

**Factual Background**

12. Plaintiff Gary L. Sharpe ("Plaintiff Sharpe") is the founder and owner of Plaintiff Health Care Logistics, Inc. ("Plaintiff HCL").

13. Since 1978, Plaintiff HCL has been a health care industry leader in manufacturing, packaging, and distributing various health care products.

14. Plaintiff Sharpe is the owner of the following U.S. Trademark and Servicemark Registrations (see Exhibit A for Registration Certificates):

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| HEALTH CARE LOGISTICS | 4,505,787 | April 1, 2014 | High density plastic guides for medical purposes used to keep wires, probes, tubes, EEG and EKG leads organized; Medical instruments for use in crushing and cutting pills; Glass and plastic bottles for use in surgical waste; Plastic medication cups for dispensing medicine; Sharps containers, namely, containers for medical waste in the form of used needles; Disposable gloves for medical use; pre-printed reclosable bags sold empty for dispensing medicine; Catalogs in the field of health care and medical products; paper labels; printed charts; disposable unit dose plastic packaging for medical use for medication; Glass and plastic bottles for medication sold empty; Glass vials and ointment jars for medication sold empty. |

| HEALTH CARE LOGISTICS | 4,518,156 | April 22, 2014 | Capsules sold empty for pharmaceuticals; first aid kits; sanitizing preparations for hospital use; sanitizing preparations for household use; sanitizing preparations for use in institutional and industrial areas; sanitizing wipes; Beakers; machines for dispensing pre-determined dosages of medication; mousepads; protective eyewear; thermometers; Hospital carts; Jewelry; Non-metal seals for use in the medical and health care field.; Umbrellas; Cabinets; key cabinets; medicine cabinets; non-metal bins; plastic storage containers for commercial or industrial use; seating furniture; security cabinets; shelves; Bottles for pharmaceuticals sold empty; ceramic figurines; garbage pails; mugs; Hats; outer jackets; shirts; T-shirts. |
|---|---|---|---|
| HEALTH CARE LOGISTICS | 3,898,569 | January 4, 2011 | Catalog ordering service featuring the sale of other's goods in the field of health care. |
| Health Care Logistics INC. Special Answers to Special Problems | 2,320,674 | February 22, 2000 | Catalogs used in the hospital, healthcare and emergency medical services industry. |
| HEALTH CARE LOGISTICS, INC. | 1,437,244 | April 21, 1987 | Disposable dose packaging supplies for medical and related fields, such as unit dose blister pacs for capsules or pills and unit dose labels. |

15. U.S. Registration Nos. 4,505,787, 4,518,156, 3,898,569, 2,320,674, and 1,437,244 (collectively the "HEALTH CARE LOGISTICS Marks") were duly and legally issued, and are valid and subsisting.

16. The 2,320,674 and 1,437,244 Registrations have incontestable status pursuant to 15 U.S.C. § 1065.

17. Plaintiff HCL is the sole licensee and authorized user of the HEALTH CARE LOGISTICS Marks.

18. Since 1978, Plaintiff HCL has continuously used the HEALTH CARE LOGISTICS Marks in connection with the sale of health-care related goods and services.

19. Through its use of the HEALTH CARE LOGISTICS Marks, Plaintiff HCL has become known for providing quality goods and services, including equipment used for testing patients' blood.

20. All goodwill generated from Plaintiff HCL's use of the HEALTH CARE LOGISTICS Marks inures to the benefit of Plaintiff Sharpe.

21. Plaintiff Sharpe has also acquired common law rights in the HEALTH CARE LOGISTICS Marks throughout the United States due to their extensive and continuous use by Plaintiff HCL.

**Defendant's Wrongful Activities**

22. Upon information and belief, Defendant uses the HEALTHCARE LOGISTICS mark in connection with the offering of health care goods and services, including goods and services directed towards at-home blood testing and monitoring.

23. Defendant's use of the HEALTHCARE LOGISTICS mark is without license or other authorization from Plaintiffs.

24. The HEALTHCARE LOGISTICS mark is virtually identical and/or confusingly similar to each of the HEALTH CARE LOGISTICS Marks owned by Plaintiff Sharpe.

25. Defendant's use of the HEALTHCARE LOGISTICS mark is causing, and is likely to cause, confusion, mistake, and/or deceive customers and potential customers as to the origin, sponsorship, or approval of Defendant's products and services, or as to some affiliation, connection, or association of Defendant with Plaintiffs.

26. Defendant's use of the HEALTHCARE LOGISTICS mark is enabling Defendant to trade off and receive the benefit of goodwill that Plaintiffs have built up over many years of labor

and expense, and to gain acceptance for Defendant's products and services not solely on its own merits, but on the reputation and goodwill of Plaintiffs.

27. Plaintiffs have sent Defendant a letter requesting that Defendant cease and desist all unauthorized use of Plaintiff Sharpe's trademarks and servicemarks.

28. Defendant has not responded, and upon information and belief Defendant has taken no measures to cease infringement of the HEALTH CARE LOGISTICS Marks.

29. Unless the acts of Defendant are enjoined by this Court, Defendant will cause irreparable injury to Plaintiffs and to the public for which there is no adequate remedy at law.

**Count I - Federal Trademark and Servicemark Infringement**
**(Lanham Act § 32, 15 U.S.C. § 1114)**

30. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

31. Defendant's use of the HEALTHCARE LOGISTICS mark constitutes an infringement of Plaintiffs' registered and licensed HEALTH CARE LOGISTICS Marks, as well as Plaintiffs' common law rights, and causes a likelihood of confusion, mistake, and deception of the public, causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

32. The acts of Defendant complained of herein constitute unauthorized use in commerce of the federally-registered HEALTH CARE LOGISTICS Marks in connection with the sale, offering for sale, distribution, and advertising of goods and services in violation of 15 U.S.C. § 1114.

33. Upon information and belief, Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Plaintiffs' expense.

34. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

**Count II – Federal Unfair Competition, False Designation of Origin, and Trademark and Servicemark Infringement (Lanham Act § 43, 15 U.S.C. § 1125(a))**

35. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

36. Defendant's use of the HEALTHCARE LOGISTICS mark falsely indicates that Defendant and its goods and services are connected with, sponsored by, affiliated with, or related to Plaintiffs.

37. Defendant's use of the HEALTHCARE LOGISTICS mark causes a likelihood of confusion, mistake, and deception among the public as to the source or sponsorship of Defendant and its goods and services.

38. The public and others are likely to believe Defendant's goods and services are provided by, sponsored by, approved by, licensed by, affiliated by, or in some other way legitimately connected with Plaintiffs, which has caused, and will continue to cause, damage and irreparable harm to Plaintiffs.

39. Defendant's unauthorized use of the HEALTHCARE LOGISTICS mark in connection with its goods and services allows Defendant to receive the benefit of Plaintiffs' goodwill, which Plaintiffs have established at great labor and expense, and further allows Defendant to expand its business not based on its own qualities, but on the reputation and goodwill of Plaintiffs.

40. Defendant's acts constitute unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Upon information and belief, Defendant's acts have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs' rights in the HEALTH CARE LOGISTICS Marks and with intent to trade off Plaintiffs' vast goodwill in its HEALTH CARE LOGISTICS Marks.

42. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

**Count III – Trademark and Servicemark Infringement**
**(Common Law of Nevada)**

43. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

44. Defendant's acts as set forth herein constitute trademark and servicemark infringement under the common law of Nevada as they are likely to cause confusion to consumers regarding the source and sponsorship of Defendant's goods and services.

45. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

**Count IV – Deceptive Trade Practices Under**
**(Nevada Revised Statute § 598.0915)**

46. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

47. Defendant is knowingly passing off goods or services for sale as those of Plaintiff HCL.

48. Defendant is also knowingly making false representations as to the source, sponsorship, approval, and/or certification of goods or services for sale or lease.

49. Defendant is also knowingly making false representations as to affiliation, connection, association with or certification by another person.

50. Defendant's conduct, as more fully described herein, constitutes deceptive trade practices in violation of the Nevada Deceptive Trade and Unfair Practices Act, N.R.S. § 598.0915.

51. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

**Count V – Unjust Enrichment**
**(Common Law of Nevada)**

52. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

53. Upon information and belief, Defendant's acts complained of herein have conferred a benefit upon the Defendant at Plaintiffs' expense.

54. Upon information and belief, Defendant has unjustly obtained said benefit at Plaintiffs' expense and to Plaintiffs' loss and detriment.

55. Upon information and belief, Defendant accepts and retains benefits at Plaintiffs' expense, loss, and detriment.

56. If Defendant is not enjoined, Plaintiffs will continue to suffer irreparable harm, including but not limited to loss of business, competitive advantage, and goodwill, for which there is no adequate remedy at law.

57. The potential injury to Defendant is minimal and does not outweigh the potential injuries to Plaintiffs if Defendant is not enjoined.

58. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray:

a. That Defendant be found to have infringed Plaintiffs' rights in the HEALTH CARE LOGISTICS Marks, and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

b. That Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, and each of them be preliminarily and permanently enjoined from infringing the HEALTH CARE LOGISTICS Marks, and from unfairly competing with Plaintiffs in any other manner;

c. That Defendant be required to cease use of the HEALTHCARE LOGISTICS mark, and any other marks infringing the HEALTH CARE LOGISTICS Marks, in all forms, including as a company name, fictitious business name or trade name;

d. That Defendant be required to deliver up and/or destroy any and all insignias bearing the HEALTHCARE LOGISTICS mark and/or any mark confusingly similar to the HEALTH CARE LOGISTICS Marks, in its possession as well as all labels, literature, signage and advertisements bearing such marks, together with any means for producing the same;

e. That Defendant be compelled to account to Plaintiffs for any and all profits derived by it from its illegal acts complained of herein;

f. That the Court declare this to be an exceptional case and award Plaintiffs their full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

g. That the Court grant Plaintiffs any other remedy to which they are entitled as provided under Federal or State law; and,

h. For such other relief that the Court deems proper and just.

**Jury Demand**

Plaintiffs hereby demand and request trial by jury of all issues that are triable by jury.

Respectfully submitted,

Date: October 29, 2014

/s/ Jason J. Bach

Jason J. Bach (State Bar No. 7984)
THE BACH LAW FIRM, LLC
6053 South Fort Apache Rd., Ste. 130
Las Vegas, Nevada 89148
(702) 925 – 8787; (702) 925 – 8788 FAX
jbach@bachlawfirm.com

*Local Counsel to Plaintiffs, Health Care Logistics, Inc. and Gary L. Sharpe*

Jeffrey S. Standley, Ohio Bar No. 0047248
(*pro hac vice* application to be submitted)
F. Michael Speed, Jr., Ohio Bar No. 0067541
(*pro hac vice* application to be submitted)
Beverly A. Marsh, Ohio Bar No. 0080935
(*pro hac vice* application to be submitted)
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, Ohio 43017
(614) 792-5555
(614) 792-5536 FAX
jstandley@standleyllp.com
mspeed@standleyllp.com
bmarsh@standleyllp.com

*Trial Counsel to Plaintiffs Health Care Logistics, Inc. and Gary L. Sharpe*

**VERIFICATION**

Gary L. Sharpe, under penalty and perjury of the laws of the United States, states: That he is founder and owner of Health Care Logistics, Inc.; that he has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that to the best of his knowledge, information, and belief the allegations thereof are true and correct.

Executed this ___ day of October, 2014 in Naples, Florida.

Gary L. Sharpe

# Exhibit A

# United States of America
## United States Patent and Trademark Office

# HEALTH CARE LOGISTICS

**Reg. No. 4,505,787**

**Registered Apr. 1, 2014**

**Int. Cls.: 10, 16, and 21**

**TRADEMARK**

**PRINCIPAL REGISTER**

SHARPE, GARY L. (UNITED STATES INDIVIDUAL)
918 VILLA FLORENZA DRIVE
NAPLES, FL 34119

FOR: HIGH DENSITY PLASTIC GUIDES FOR MEDICAL PURPOSES USED TO KEEP WIRES, PROBES, TUBES, EEG AND EKG LEADS ORGANIZED; MEDICAL INSTRUMENTS FOR USE IN CRUSHING AND CUTTING PILLS; GLASS AND PLASTIC BOTTLES FOR USE IN SURGICAL WASTE; PLASTIC MEDICATION CUPS FOR DISPENSING MEDICINE; SHARPS CONTAINERS, NAMELY, CONTAINERS FOR MEDICAL WASTE IN THE FORM OF USED NEEDLES; DISPOSABLE GLOVES FOR MEDICAL USE; PRE-PRINTED RECLOSABLE BAGS SOLD EMPTY FOR DISPENSING MEDICINE, IN CLASS 10 (U.S. CLS. 26, 39 AND 44).

FIRST USE 1-1-2000; IN COMMERCE 1-1-2000.

FOR: CATALOGS IN THE FIELD OF HEALTH CARE AND MEDICAL PRODUCTS; PAPER LABELS; PRINTED CHARTS; DISPOSABLE UNIT DOSE PLASTIC PACKAGING FOR MEDICAL USE FOR MEDICATION, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-1-1975; IN COMMERCE 1-1-1975.

FOR: GLASS AND PLASTIC BOTTLES FOR MEDICATION SOLD EMPTY; GLASS VIALS AND OINTMENT JARS FOR MEDICATION SOLD EMPTY, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 1-1-2000; IN COMMERCE 1-1-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,437,244, 2,320,674, AND 3,898,569.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HEALTH CARE", APART FROM THE MARK AS SHOWN.

SN 85-455,168, FILED 10-25-2011.

Michelle K. Lee

**Deputy Director of the United States Patent and Trademark Office**

**Reg. No. 4,505,787** MAYUR VAGHANI, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# HEALTH CARE LOGISTICS

**Reg. No. 4,518,156**

**Registered Apr. 22, 2014**

**Int. Cls.: 5, 9, 12, 14, 17, 18, 20, 21, and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

SHARPE, GARY L. (UNITED STATES INDIVIDUAL)
605 BOUGAINVILLEA RD
NAPLES, FL 34102

FOR: CAPSULES SOLD EMPTY FOR PHARMACEUTICALS; FIRST AID KITS; SANITIZING PREPARATIONS FOR HOSPITAL USE; SANITIZING PREPARATIONS FOR HOUSEHOLD USE; SANITIZING PREPARATIONS FOR USE IN INSTITUTIONAL AND INDUSTRIAL AREAS; SANITIZING WIPES, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 9-30-1997; IN COMMERCE 10-31-1997.

FOR: BEAKERS; MACHINES FOR DISPENSING PRE-DETERMINED DOSAGES OF MEDICATION; MOUSEPADS; PROTECTIVE EYEWEAR; THERMOMETERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-30-2004; IN COMMERCE 7-31-2004.

FOR: HOSPITAL CARTS, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 2-28-1978; IN COMMERCE 3-31-1978.

FOR: JEWELRY, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 9-30-2004; IN COMMERCE 10-31-2004.

FOR: NON-METAL SEALS FOR USE IN THE MEDICAL AND HEALTH CARE FIELD, IN CLASS 17 (U.S. CLS. 1, 5, 12, 13, 35 AND 50).

FIRST USE 5-31-1984; IN COMMERCE 6-30-1984.

FOR: UMBRELLAS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 1-1-1995; IN COMMERCE 1-1-1995.

FOR: CABINETS; KEY CABINETS; MEDICINE CABINETS; NON-METAL BINS; PLASTIC STORAGE CONTAINERS FOR COMMERCIAL OR INDUSTRIAL USE; SEATING FUR-

Michelle K. Lee

**Deputy Director of the United States Patent and Trademark Office**

**Reg. No. 4,518,156** NITURE; SECURITY CABINETS; SHELVES, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 2-28-1978; IN COMMERCE 3-31-1978.

FOR: BOTTLES FOR PHARMACEUTICALS SOLD EMPTY; CERAMIC FIGURINES; GARBAGE PAILS; MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 6-30-1989; IN COMMERCE 7-31-1989.

FOR: HATS; OUTER JACKETS; SHIRTS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-30-1989; IN COMMERCE 7-31-1989.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,437,244, 2,320,674, AND 3,898,569.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HEALTH CARE", APART FROM THE MARK AS SHOWN.

SN 85-455,165, FILED 10-25-2011.

MAYUR VAGHANI, EXAMINING ATTORNEY



# Health Care Logistics

**Reg. No. 3,898,569**

**Registered Jan. 4, 2011**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

GARY L. SHARPE (UNITED STATES INDIVIDUAL)
918 VILLA FLORENZA DRIVE
NAPLES, FL 34119

FOR: CATALOG ORDERING SERVICE FEATURING THE SALE OF OTHER'S GOODS IN THE FIELD OF HEALTH CARE, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-0-1978; IN COMMERCE 9-0-1978.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,437,244 AND 2,320,674.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HEALTH CARE", APART FROM THE MARK AS SHOWN.

SER. NO. 77-820,588, FILED 9-4-2009.

CURTIS FRENCH, EXAMINING ATTORNEY

David J. Kappos

Director of the United States Patent and Trademark Office

**Int. Cl.: 16**

**Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50**

**Reg. No. 2,320,674**

**United States Patent and Trademark Office**

**Registered Feb. 22, 2000**

**TRADEMARK**
**PRINCIPAL REGISTER**

SHARPE LINES, INC. (OHIO CORPORATION)
P.O. BOX 25
CIRCLEVILLE, OH 431130025

FOR: CATALOGS USED IN THE HOSPITAL, HEALTHCARE AND EMERGENCY MEDICAL SERVICES INDUSTRY, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 7-15-1996; IN COMMERCE 7-15-1996.

OWNER OF U.S. REG. NOS. 1,437,244 AND 2,166,606.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HEALTHCARE" AND "INC.", APART FROM THE MARK AS SHOWN.

THE STIPPLING IS FOR SHADING PURPOSES ONLY AND DOES NOT INDICATE COLOR.

SER. NO. 75-540,940, FILED 8-24-1998.

KARLA PERKINS, EXAMINING ATTORNEY

**Int. Cl.: 16**

**Prior U.S. Cls.: 2 and 37**

**Reg. No. 1,437,244**

# United States Patent and Trademark Office

**Registered Apr. 21, 1987**

## TRADEMARK
## PRINCIPAL REGISTER

## HEALTH CARE LOGISTICS, INC.

SHARPE, GARY L. (UNITED STATES CITIZEN)
P.O. BOX 25
CIRCLEVILLE, OH 43113

FOR: DISPOSABLE DOSE PACKAGING SUPPLIES FOR MEDICAL AND RELATED FIELDS, SUCH AS UNIT DOSE BLISTER PACS FOR CAPSULES OR PILLS AND UNIT DOSE LABELS, IN CLASS 16 (U.S. CLS. 2 AND 37).

FIRST USE 9-0-1978; IN COMMERCE 9-0-1978.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HEALTH CARE INC.", APART FROM THE MARK AS SHOWN.

SER. NO. 500,934, FILED 9-24-1984.

M. E. BODSON, EXAMINING ATTORNEY